STATE, RESPONDENT, *v.* RUSSELL, APPELLANT.

(No. 3,692.)

(Submitted September 20, 1916.   Decided October 23, 1916.)

[160 Pac. 655.]

*Criminal Law—Fish and Game—Evidence—Sufficiency—Harmless Error.*

Criminal Law—Hearsay Evidence—Harmless Error.
　1.　Evidence wholly immaterial and which could not possibly have prejudiced defendant, was not alone sufficient to work a reversal of the judgment of guilty of a misdemeanor, though erroneously admitted under the hearsay rule.

Same—Violation of Fish and Game Law—Evidence—Sufficiency.
　2.　Evidence *held* sufficient to warrant the conviction of defendant charged with taking fish from a stream unlawfully.

　　[As to power of states to regulate taking of fish in tide-waters, see note in 23 Am. St. Rep. 837.]

*Appeal from District Court, Ravalli County; R. Lee McCulloch, Judge.*

JOHN A. RUSSELL, convicted of a misdemeanor, appeals from the judgment and an order denying him a new trial.   Affirmed.

Cause submitted on briefs of counsel.

*Mr. Harry H. Parsons,* for Appellant.

*Mr. J. B. Poindexter,* Attorney General, and *Mr. C. S. Wagner,* Assistant Attorney General, for Respondent.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

This appellant was convicted of a misdemeanor in a justice of the peace court. He appealed to the district court, where he was again found guilty, and now appeals from the judgment and from an order denying him a new trial.

1. An attack is made upon the complaint, but we think it is sufficient to charge the unlawful taking of fish from a stream of this state, as that offense is defined by section 2, Chapter 79, Laws of 1913. It appears also to meet the requirements of section 9032, Revised Codes.

2. Complaint is made that the trial court admitted certain [1] hearsay evidence. In explanation of his act in making a report to a deputy game warden, a witness for the state testified that he was prompted to do so because ''the Wagner boys told me that someone down the river was killing fish.'' This explanatory evidence was hearsay, but it was brought out by a preliminary question, was wholly immaterial, and it is inconceivable that any substantial right of the defendant was prejudiced by it. Under these circumstances the judgment cannot be reversed on that ground alone. (Rev. Codes, secs. 9415, 9548; *State* v. *Crean,* 43 Mont. 47, Ann. Cas. 1912C, 424, 114 Pac. 603.)

3. The other specifications of error call in question the [2] sufficiency of the evidence in view of the court's instruction No. 3. That instruction imposed upon the prosecution a greater burden than the circumstances of the case warranted; but even so, the only fair deduction from the evidence produced by the state is that appellant deposited in the Bitter Root River, in Ravalli county, fishberries ground up with meat, which were eaten by the fish, with the result that they were stupefied and rendered easy prey; that while in that condition appellant, by means of a landing-net, took from the river at least one of these fish. If the jury had believed the evidence offered by the defense, a different verdict would have been required; but the

jurors were the judges of the credibility of the witnesses and of the weight to be given to their testimony. The only conclusion from the verdict is that no credence whatever was given to the story told by appellant and his companions. There is evidence in the record to justify the verdict, and we shall not interfere.

The judgment and order are affirmed.

*Affirmed.*

MR. JUSTICE HOLLOWAY concurs.

MR. CHIEF JUSTICE BRANTLY, being absent, takes no part in the foregoing decision.